UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LISA DINKINS; ND, a minor under the age of 18 years, by LISA DINKINS, Mother; QD, a minor under the age of 18 years, by LISA DINKINS, Mother; SD, a minor under the age of 18 years, by LISA Dinkins, Mother; and ID, a minor under the age of 18 years, by LISA DINKINS, Mother

                                        PLAINTIFFS,

-AGAINST-

NEW YORK CITY, POLICE OFFICER MICHAEL KAMINSKY and POLICE OFFICER NICHOLAS MURO, individually, and in their capacity as members of the New York City Police Department,

                                    DEFENDANTS.

**AMENDED COMPLAINT**

**15-CV-1689**

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiffs seek relief for the violation of their rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about June 20, 2014, in which officers of the New York City Police Department ("NYPD") acting under color of state law, intentionally and willfully subjected plaintiffs to *inter alia* false imprisonment/false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Ms. Lisa Dinkins ("Ms. Dinkins") is a United States citizen and at all times here relevant resided at 45 Siclen Avenue, Apartment 1, Brooklyn, NY 11207.

7. ND, QD, ID and SD are all children of Ms. Dinkins and at all times here relevant resided with Ms. Dinkins and their father Mr. Jimmy Dinkins ("Mr. Dinkins") at 45 Siclen Avenue, Apartment 1, Brooklyn, NY 11207.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Officer Kaminsky ("PO Kaminsky") and Police Officer Nicholas Muro ("PO Muro") are sued in their individual and professional capacities.

10. At all times mentioned, defendants was acting under color of state law, under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. Ms. Dinkins lives with her husband Mr. Dinkins, an African American, and their four children ID, ND, SD and QD.

2

12. At the time of the incident described herein, ID was 9 years old, ND was 8 years old, SD was 5 years old and QD was 2 years old.

13. On or about June 20, 2014, Ms. Dinkins' daughter Brionna Davis ("Brionna") and her boyfriend were visiting Ms. Dinkins.

14. Brionna and her boyfriend got in an argument with Ms. Dinkins and were verbally abusive towards Ms. Dinkins and Mr. Dinkins.

15. Ms. Dinkins asked Brionna and her boyfriend to leave, but they refused to do so.

16. Ms. Dinkins called the police because she was eight months pregnant and was fearful for her safety and the safety of her children.

17. PO Muro and PO Kaminsky arrived at Ms. Dinkins's home.

18. Brionna made false accusations against Mr. Dinkins to the police officers.

19. The police officers arrested Mr. Dinkins.

20. PO Muro entered the house without consent.

21. PO Muro said to Ms. Dinkins, in front of her children, in sum and substance, "how dare you flip on your kid for a nigger."

22. PO Muro pointed in Ms. Dinkins face and threatened to call ACS to have her kids removed.

23. PO Muro verbally abused Ms. Dinkins, stating in sum and substance, that she was a horrible mother and how dare she bring another child into the world.

24. Ms. Dinkins called 911 again to request another police officer be sent over because PO Muro was being abusive towards her.

25. Ms. Dinkins tried to go outside to check on her husband.

26. PO Muro responded by telling Ms. Dinkins, in sum and substance, "You're nothing but a bitch. You're not allowed outside, you're not allowed to say anything."

27. PO Muro then threatened to arrest Ms. Dinkins.

28. PO Muro then demanded that Ms. Dinkins get Mr. Dinkins' boots from the house.

29. Ms. Dinkins got Mr. Dinkins' boots.

30. PO Muro grabbed the boots from Ms. Dinkins and smacked Ms. Dinkins in the face with the back of his hand.

31.  ND, QD, ID and SD witnessed PO Muro smack Ms. Dinkins in the face with the back of his hand.

32. PO Muro told Ms. Dinkins, in sum and substance, that she was nothing but a little bitch.

33. Ms. Dinkins was terrified and felt faint.

34. Ms. Dinkins called the police to request an ambulance because she had high blood pressure on account of being pregnant.

35. Ms. Dinkins tried to read PO Muro's shield number but PO Muro said "fuck you" to Ms. Dinkins and left the house.

36. PO Kaminsky issued Ms. Dinkins a summons for disorderly conduct.

37. The summons was dismissed without Ms. Dinkins attending court.

38. Plaintiffs all feel traumatized by the events stemming from the incident on or about June 20, 2014, and are wary and fearful when they see NYPD officers.

39. ND, QD, ID and SD are afraid of NYPD officers and believe that NYPD officers are racist.

40. ND, QD, ID and SD are scared that NYPD officers will take them away from their mother and father.

41. Plaintiffs take efforts to avoid police officers when in public.

42. Plaintiffs suffered following the incident and feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

43. Plaintiff Ms. Dinkins repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

44. Defendants have deprived Plaintiff Ms. Dinkins of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff Ms. Dinkins under 42 USC 1983.

45. Defendants have deprived Plaintiff Ms. Dinkins of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force against Plaintiff Ms. Dinkins.

46. Plaintiff Ms. Dinkins has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – False Imprisonment/False Arrest)

47. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

48. Defendants have deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to Plaintiffs under 42 USC 1983.

49. Defendants have deprived Plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiffs were falsely imprisoned by Defendants.

50. Defendants unreasonably and unjustifiably confined Plaintiffs.

51. Plaintiffs were aware of, and did not consent to, their confinement.

52. The confinement was not privileged.

53. Plaintiffs have been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

54. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

55. Defendant PO Muro's conduct towards Plaintiffs was extreme and outrageous.

56. Defendant PO Muro intended to cause all Plaintiffs severe emotional distress, or was reckless as to the substantial probability of his conduct causing severe emotional distress to all Plaintiffs.

57. Defendant PO Muro's conduct caused all Plaintiffs severe emotional distress.

58. Plaintiffs have been damaged as a result of defendants' conduct in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

59. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

60. Defendant PO Muro's conduct towards Plaintiffs was negligent, unreasonable and so extreme in degree and outrageous in character as to go beyond all possible bounds of decency.

61. Plaintiffs all witnessed Defendant PO Muro's conduct.

62. Defendant PO Muro's conduct caused all Plaintiffs severe emotional distress.

63. Defendant PO Muro knew, or should have known, that such distress was substantially certain to occur as a result of his negligent conduct.

64. Defendant PO Muro's conduct threatened all Plaintiffs with physical harm.

65. Plaintiffs have been damaged as a result of Defendants' conduct in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION

(Failure to Intervene)

66. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

67. Defendant PO Muro violated Ms. Dinkins and all other plaintiffs Fourth Amendment rights by using excessive force, improperly entering their house, and preventing them from leaving, without legal justification.

68. Defendant PO Kaminsky knew, or should have known, that PO Muro did not have legal justification for his actions.

69. Defendant PO Kaminsky failed to intervene to prevent PO Muro from his actions against Plaintiffs.

70. Defendant PO Kaminsky had sufficient time to intercede and had the capability to prevent PO Muro from violating Plaintiffs' Fourth Amendment rights.

71. Plaintiffs have been damaged a result of Defendant Kaminsky's actions in an amount believed to equal or exceed the jurisdictional limit of this court.

### SIXTH CAUSE OF ACTION

(42 USC 1983 – Unreasonable and Unlawful Search and Entry)

72. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

73. Defendant Muro deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to Plaintiffs under 42 USC 1983.

74. Defendant Muro entered the home of Plaintiffs without legal justification or consent.

75. Defendants have deprived Plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendant Muro entered Plaintiffs' private home without a valid warrant, without consent, without probable cause and without privilege.

76. Plaintiffs have been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

**JURY DEMAND**

77. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs respectfully request that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of plaintiffs in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional requirement for each of Plaintiffs' causes of action;
>
> Awarding Plaintiffs punitive damages in an amount to be determined by a jury;
>
> Awarding Plaintiffs reasonable attorneys' fees, costs and disbursements of this action;
> And such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 27, 2016      By:

                                  /s/
                            Duncan Peterson (DP7367)
                            PetersonDelleCave LLP
                            Attorney for Plaintiff
                            233 Broadway, Suite 1800
                            New York, NY 10279
                            (212) 240-9075